IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID BOM LE, G07186, | ) | |
| Petitioner, | ) | No. C 13-2172 CRB (PR) |
| vs. | ) | ORDER REQUESTING |
| | ) | MOTION TO DISMISS OR |
| KEVIN CHAPPELL, Warden, | ) | NOTICE THAT MOTION IS |
| | ) | UNWARRANTED |
| Respondent(s). | ) | |
| ———————————————— | ) | (Docket # 2, 3 & 4) |

I.

Petitioner was convicted by a jury in Alameda County Superior Court of second degree murder. The jury also found that he personally and intentionally discharged a firearm, causing great bodily injury or death. On February 1, 2008, petitioner was sentenced to 40 years to life in state prison. On November 12, 2009, the California Court of Appeal affirmed the judgment of the trial court and, on February 24, 2010, the Supreme Court of California denied review.

Petitioner sough no further review from the state courts. But on May 13, 2013, he filed the instant federal petition for a writ of habeas corpus under 28 U.S.C. § 2254. He also seeks "review," appointment of counsel and leave to proceed in forma pauperis under 28 U.S.C. § 1915.

II.

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243. It also may order respondent to file another pleading where neither summary dismissal nor service is appropriate. See Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254.

The Antiterrorism and Effective Death Penalty Act of 1996 became law on April 24, 1996 and imposed for the first time a statute of limitation on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. Id. § 2244(d)(2).

/

2

A state prisoner with a conviction finalized after April 24, 1996, such as petitioner, ordinarily must file his federal habeas petition within one year of the date his process of direct review came to an end.  See Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc).  Here, because petitioner did not seek a writ of certiorari from the Supreme Court of the United States after the California Supreme Court denied review on February 24, 2010, his process of direct review came to an end on May 25, 2010, when the time allotted for filing a petition for a writ of certiorari expired.  See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).  Petitioner therefore had until May 25, 2011 to file a federal habeas petition within the one-year limitation period.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (calculating AEDPA's one-year limitation period according to Federal Rule of Civil Procedure 6(a)).  The instant petition was not filed until May 13, 2013, however.  This apparent procedural problem should be addressed before the court reaches the merits of the claims raised in the petition.  If the petition is time-barred, the litigants and court need not expend resources addressing the claims in the petition.  Accordingly, pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254, respondent shall either (1) move to dismiss the petition on the ground that it is untimely, or (2) inform the court that respondent is of the opinion that a motion to dismiss is unwarranted in this case.

III.

Petitioner's motion for appointment of counsel (docket # 4) is DENIED without prejudice.  See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986) (unless an evidentiary hearing is required, the decision to appoint counsel in

3

habeas corpus proceedings is within the discretion of the district court).
Petitioner adequately presented his claims for relief in the petition.  Accord
Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984) (although petitioner had no
background in law, denial of appointment of counsel within discretion of district
court where petitioner clearly presented issues in petition and accompanying
memorandum).  The court will appoint counsel on its own motion if an
evidentiary hearing is later required.  See Knaubert, 791 F.2d at 728
(appointment of counsel mandatory if evidentiary hearing is required).

IV.

Good cause appearing therefor,

1.      Petitioner's motions for review (docket #2) and to proceed in forma
pauperis (docket #3) are GRANTED.

2.      The clerk shall serve a copy of this order and the petition and all
attachments thereto on respondent and respondent's attorney, the Attorney
General of the State of California.  The clerk also shall serve a copy of this order
on petitioner.

3.      Respondent shall file with the court and serve upon petitioner,
within 60 days of the issuance of this order, a motion to dismiss the petition as
untimely or a notice that respondent is of the opinion that a motion to dismiss is
unwarranted.

4.      If petitioner wishes to oppose the motion to dismiss, he shall do so
by filing an opposition with the court and serving it upon respondent within 28
days of his receipt of the motion to dismiss.

5.      Respondent shall file and serve a reply within 14 days of receipt of
petitioner's opposition.

/

4

6.     The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court determines at a latter date that a hearing is required.

7.     If respondent notifies the court that a motion to dismiss is unwarranted or the motion is denied, the court will then determine whether to require an answer to the petition.

SO ORDERED.

DATED:   June 28, 2013

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.13\Le, D.13-2172.or1.wpd

5