1

2

3

4

5

6

7

8

9          IN THE UNITED STATES DISTRICT COURT

10         FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12   DAVID BOM LE, G07186,                  )
                                            )
13              Petitioner,                 )        No. C 13-2172 CRB (PR)
                                            )
14      vs.                                 )        ORDER REQUESTING
                                            )        MOTION TO DISMISS OR
15   KEVIN CHAPPELL, Warden,                )        NOTICE THAT MOTION IS
                                            )        UNWARRANTED
16              Respondent(s).              )
     _____   )        (Docket # 2, 3 & 4)

17

18                                 I.

19         Petitioner was convicted by a jury in Alameda County Superior Court of

20   second degree murder.  The jury also found that he personally and intentionally

21   discharged a firearm, causing great bodily injury or death.  On February 1, 2008,

22   petitioner was sentenced to 40 years to life in state prison.  On November 12,

23   2009, the California Court of Appeal affirmed the judgment of the trial court and,

24   on February 24, 2010, the Supreme Court of California denied review.

25         Petitioner sough no further review from the state courts.  But on May 13,

26   2013, he filed the instant federal petition for a writ of habeas corpus under 28

27   U.S.C. § 2254.  He also seeks "review," appointment of counsel and leave to

28   proceed in forma pauperis under 28 U.S.C. § 1915.

1

II.

2      This court may entertain a petition for a writ of habeas corpus "in behalf

3  of a person in custody pursuant to the judgment of a State court only on the

4  ground that he is in custody in violation of the Constitution or laws or treaties of

5  the United States."  28 U.S.C. § 2254(a).  It  shall "award the writ or issue an

6  order directing the respondent to show cause why the writ should not be granted,

7  unless it appears from the application that the applicant or person detained is not

8  entitled thereto."  Id. § 2243.  It also may order respondent to file another

9  pleading where neither summary dismissal nor service is appropriate.  See Rule 4

10  of the Rules Governing Habeas Corpus Cases Under Section 2254.

11      The Antiterrorism and Effective Death Penalty Act of 1996 became law

12  on April 24, 1996 and imposed for the first time a statute of limitation on

13  petitions for a writ of habeas corpus filed by state prisoners.  Petitions filed by

14  prisoners challenging non-capital state convictions or sentences must be filed

15  within one year of the latest of the date on which: (1) the judgment became final

16  after the conclusion of direct review or the time passed for seeking direct review;

17  (2) an impediment to filing an application created by unconstitutional state action

18  was removed, if such action prevented petitioner from filing; (3) the

19  constitutional right asserted was recognized by the Supreme Court, if the right

20  was newly recognized by the Supreme Court and made retroactive to cases on

21  collateral review; or (4) the factual predicate of the claim could have been

22  discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).  Time

23  during which a properly filed application for state post-conviction or other

24  collateral review is pending is excluded from the one-year time limit.  Id. §

25  2244(d)(2).

26  /

27

28                                    2

1    A state prisoner with a conviction finalized after April 24, 1996, such as

2    petitioner, ordinarily must file his federal habeas petition within one year of the

3    date his process of direct review came to an end.  See Calderon v. United States

4    Dist. Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), overruled in part on

5    other grounds by Calderon v. United States Dist. Court (Kelly), 163 F.3d 530

6    (9th Cir. 1998) (en banc).  Here, because petitioner did not seek a writ of

7    certiorari from the Supreme Court of the United States after the California

8    Supreme Court denied review on February 24, 2010, his process of direct review

9    came to an end on May 25, 2010, when the time allotted for filing a petition for a

10   writ of certiorari expired.  See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir.

11   2002).  Petitioner therefore had until May 25, 2011 to file a federal habeas

12   petition within the one-year limitation period.  See Patterson v. Stewart, 251 F.3d

13   1243, 1246 (9th Cir. 2001) (calculating AEDPA's one-year limitation period

14   according to Federal Rule of Civil Procedure 6(a)).  The instant petition was not

15   filed until May 13, 2013, however.  This apparent procedural problem should be

16   addressed before the court reaches the merits of the claims raised in the petition.

17   If the petition is time-barred, the litigants and court need not expend resources

18   addressing the claims in the petition.  Accordingly, pursuant to Rule 4 of the

19   Rules Governing Habeas Corpus Cases Under Section 2254, respondent shall

20   either (1) move to dismiss the petition on the ground that it is untimely, or (2)

21   inform the court that respondent is of the opinion that a motion to dismiss is

22   unwarranted in this case.

23                                          III.

24       Petitioner's motion for appointment of counsel (docket # 4) is DENIED

25   without prejudice.  See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986)

26   (unless an evidentiary hearing is required, the decision to appoint counsel in

27

28                                          3

1  habeas corpus proceedings is within the discretion of the district court).

2  Petitioner adequately presented his claims for relief in the petition.  Accord

3  Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984) (although petitioner had no

4  background in law, denial of appointment of counsel within discretion of district

5  court where petitioner clearly presented issues in petition and accompanying

6  memorandum).  The court will appoint counsel on its own motion if an

7  evidentiary hearing is later required.  See Knaubert, 791 F.2d at 728

8  (appointment of counsel mandatory if evidentiary hearing is required).

9                                                    IV.

10         Good cause appearing therefor,

11         1.      Petitioner's motions for review (docket #2) and to proceed in forma

12  pauperis (docket #3) are GRANTED.

13         2.      The clerk shall serve a copy of this order and the petition and all

14  attachments thereto on respondent and respondent's attorney, the Attorney

15  General of the State of California.  The clerk also shall serve a copy of this order

16  on petitioner.

17         3.      Respondent shall file with the court and serve upon petitioner,

18  within 60 days of the issuance of this order, a motion to dismiss the petition as

19  untimely or a notice that respondent is of the opinion that a motion to dismiss is

20  unwarranted.

21         4.      If petitioner wishes to oppose the motion to dismiss, he shall do so

22  by filing an opposition with the court and serving it upon respondent within 28

23  days of his receipt of the motion to dismiss.

24         5.      Respondent shall file and serve a reply within 14 days of receipt of

25  petitioner's opposition.

26  /

27

28                                                    4

1        6.      The motion shall be deemed submitted as of the date the reply brief

2   is due.  No hearing will be held on the motion unless the court determines at a

3   latter date that a hearing is required.

4        7.      If respondent notifies the court that a motion to dismiss is

5   unwarranted or the motion is denied, the court will then determine whether to

6   require an answer to the petition.

7   SO ORDERED.

8   DATED:   June 28, 2013          _____

9                                   CHARLES R. BREYER
                                    United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
    G:\PRO-SE\CRB\HC.13\Le, D.13-2172.or1.wpd
27

28                                          5