IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID BOM LE, G07186, | ) | |
| Petitioner, | ) | No. C 13-2172 CRB (PR) |
| | ) | |
| vs. | ) | ORDER GRANTING |
| | ) | RESPONDENT'S MOTION |
| KEVIN CHAPPELL, Warden, | ) | TO DISMISS |
| | ) | |
| Respondent(s). | ) | (Docket #8) |
| | ) | |

I.

Petitioner, a state prisoner incarcerated at San Quentin State Prison, seeks a writ of habeas corpus under 28 U.S.C. § 2254.  Per order filed on July 2, 2013, the court found that the petition for a writ of habeas corpus appears untimely under the applicable statute of limitation, 28 U.S.C. § 2244(d), and ordered respondent to move to dismiss the petition as untimely or inform the court that respondent is of the opinion that a motion to dismiss is unwarranted in the case. Respondent has filed a motion to dismiss the petition as untimely under 28 U.S.C. § 2244(d).  Petitioner has filed an opposition and respondent has filed a reply.

## II.

Petitioner was convicted by a jury in Alameda County Superior Court of second degree murder.  The jury also found that he personally and intentionally discharged a firearm, causing great bodily injury or death.  On February 1, 2008, petitioner was sentenced to 40 years to life in state prison.  On November 12, 2009, the California Court of Appeal affirmed the judgment of the trial court and, on February 24, 2010, the Supreme Court of California denied review.

Petitioner sough no further review from the state courts.  But on May 13, 2013, he filed the instant federal petition for a writ of habeas corpus under § 2254 raising several claims for relief.

## III.

The Antiterrorism and Effective Death Penalty Act of 1996 became law on April 24, 1996 and imposed for the first time a statute of limitation on petitions for a writ of habeas corpus filed by state prisoners.  Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).  Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit.  Id. § 2244(d)(2).

2

A state prisoner with a conviction finalized after April 24, 1996, such as petitioner, ordinarily must file his federal habeas petition within one year of the date his process of direct review came to an end.  See Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc).  Here, because petitioner did not seek a writ of certiorari from the Supreme Court of the United States after the Supreme Court of California denied review on February 24, 2010, his process of direct review came to an end on May 25, 2010, when the time allotted for filing a petition for a writ of certiorari expired.  See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).  Petitioner therefore had until May 25, 2011 to file a federal habeas petition within the one-year limitation period.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (calculating AEDPA's one-year limitation period according to Federal Rule of Civil Procedure 6(a)).  The instant petition was not filed until May 13, 2013, however.  It is untimely by nearly two years.

Petitioner urges the court to reach the merits of his claims (namely instructional error and ineffective assistance of counsel) on the grounds that the claims were not adjudicated on the merits in state court and that the claims have merit.  But these are not exceptions to, or justifications for getting around, the pertinent one-year statute of limitation.  The exceptions/justifications recognized by the Supreme Court are few and difficult to establish – (1) petitioner may show that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented timely filing, Holland v. Florida, 130 S. Ct. 2549, 2562 (2010), or (2) petitioner may show that a constitutional violation has probably resulted in the conviction of one who is actually innocent, Schlup v. Delo, 513 U.S. 298, 327 (1995).  Petitioner makes no such showing.

IV.

For the foregoing reasons, respondent's motion (docket #8) to dismiss the petition as untimely is GRANTED.

The clerk shall enter judgment in accordance with this order and close the file.

SO ORDERED.

DATED: <u>Nov. 22, 2013</u>

_____
CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.13\Le, D.13-2172.mtd.wpd

4